GARMAN TURNER GORDON LLP
GREGORY E. GARMAN
Nevada Bar No. 6654
E-mail: ggarman@gtg.legal
GERALD M. GORDON
Nevada Bar No. 229
E-mail: ggordon@gtg.legal
MARK M. WEISENMILLER
Nevada Bar No. 12128
E-mail: mweisenmiller@gtg.legal
650 White Drive, Suite 100
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*[Proposed] Attorneys for Debtor*

COZEN O'CONNOR
THOMAS J. FRANCELLA
Delaware Bar No. 3835
*Pro Hac Vice Pending*
E-mail: tfrancella@cozen.com
1201 North Market Street, Suite 1001
Wilmington, DE 19801
Telephone: 302.295.2000
Toll Free Phone: 888.207.2440
Facsimile: 302.295.2013
*[Proposed] Attorneys for Debtor*

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Case No.: BK-S-19-15959-MKN |
| Jagged Peak, Inc., a Nevada corporation, | Chapter 11 |
| Debtor. | Hearing Date: OST PENDING<br>Hearing Time; OST PENDING |

**EMERGENCY MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION
OF DEBTORS' CHAPTER 11 CASES UNDER FEDERAL RULE
OF BANKRUPTCY PROCEDURE 1015(B)**

Jagged Peak, Inc. ("Jagged Peak"), Trade Global North America Holding, Inc. ("TGNA")
and Trade Global LLC ("TradeGlobal" or, collectively with Jagged Peak and TGNA, the
"Debtors"), debtors and debtors-in-possession, hereby respectfully submit this emergency
motion (the "Motion") for an order directing joint administration of the Debtors' Chapter 11
Cases (both terms defined below) under Bankruptcy Rule[1] 1015(b) and Local Rule 1015(g).
Substantially similar motions have been filed in each of Debtors' Chapter 11 Cases, maintain one

---

[1] Unless otherwise stated, all references to "Sections" herein shall be to the Bankruptcy Code appearing in Title 11
of the U.S. Code; all references to a "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure;
and all references to a "Local Rule" shall refer to the Local Rules of Bankruptcy Practice of the U.S. District Court
for the District of Nevada.

4849-6483-9334, v. 2

file and one docket for Chapter 11 Cases under case number 19-15959-mkn assigned to the Chapter 11 Case of Jagged Peak (the "Lead Case").

This Motion is made and based upon the *Omnibus Declaration of Jeremy Rosenthal in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration") filed herewith, the papers and pleadings on file herein, judicial notice of which is hereby respectfully requested, and the argument of counsel entertained by the Court at the time of the hearing of the Motion.

## JURISDICTION AND VENUE

1.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  Pursuant to Local Rule 9014.2, Debtors consent to entry of final order(s) or judgment(s) by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders for judgment consistent with Article III of the United States Constitution.

2.    The statutory basis for the Motion is Bankruptcy Rule 1015(b) and Local Rule 1015(g).

## BACKGROUND

3.    On September 16, 2019 (the "Petition Date"), each of the Debtors filed a voluntary petition seeking relief under chapter 11 of Title 11 of the Unite States Code (the "Bankruptcy Code"), thereby commencing their respective chapter 11 cases (together, the "Chapter 11 Cases").

4.    The Debtors are in the business of supporting clients' e-commerce operations, and conduct their business through two operating entities, Jagged Peak and TradeGlobal.  The Debtors' operations are managed from the same office in Tampa, Florida.

5.    Jagged Peak is a logistic company with multi-national clients serviced by its proprietary software product, EDGE™ (Enterprise Dynamic Global Engine), which enables

4849-6483-9334, v. 2

companies to control and coordinate multi-channel orders, catalogs, multi-warehouse inventories, and delivery across multiple customers, suppliers, employees, locations, and partners. The EDGE™ platform is a critical competitive advantage for Jagged Peak.

6.      The EDGE™ platform allows Jagged Peak to facilitate all aspects of their clients' e-commerce operations, including order processing, warehousing and shipping. The EDGE™ platform also manages associated administrative functions related to these e-commerce operations and holds detailed current and historical customer data used by clients to anticipate growth and continually strive to better meet the needs of their customers. Jagged Peak works with a number of internationally recognized brands, including Kind, Nespresso, Assouline, Coravin, Tom Ford, and Birkenstock. Nespresso accounts for over eighty (80) percent of Jagged Peak's revenue.

7.      TradeGlobal provides e-commerce support and fulfillment services. It provides essential logistics services (pick, pack, and ship) for clients such as Versace, Acushnet (Titleist), Puma, and Kidbox.

8.      TradeGlobal also provides a sophisticated software as a service (SaS) platform called Cross-Border. Cross-Border enables TradeGlobal's customers to sell and ship products from the United States into international markets by managing shipping costs, tariffs and duties, and supporting the customer in complying with foreign laws and regulations.

9.      TradeGlobal and Jagged Peak work closely with one another in conducting their business operations. TradeGlobal and Jagged Peak share certain relationships with key suppliers and Jagged Peak contracts with TradeGlobal for it to pack and ship goods in the Midwest region of the United States for Jagged Peak's largest customer. TradeGlobal utilizes Jagged Peak's sophisticated EDGE™ software platform to fulfill orders for Jagged Peak efficiently and cost effectively.

10.      All of the Debtors are indirect subsidiaries of Singapore Post Limited, a limited corporation organized under the laws of Singapore ("Sing Post").

11.      Due to their severely limited working capital and consistent with their duties to

4849-6483-9334, v. 2

their estates to ensure administrative solvency and strive to achieve a distribution to unsecured creditors, the Debtors must rigorously limit administrative costs in these Chapter 11 Cases.

12.     Joint administration will significantly reduce the cost of administration of these Chapter 11 Cases, including the costs of serving notices.

13.     Although they have distinct lines of business, the Debtors do not operate independently.  They share the same management, the same indirect corporate parent (Sing Post) and share back-office functions.  The Debtors also share the same corporate headquarters located in Tampa, Florida and utilize many of the same vendors.

14.     Accordingly, the joint administration of these Chapter 11 Cases is appropriate.

## REQUESTED RELIEF

15.     Joint administration of the Chapter 11 Cases is in the best interest of Debtors, their creditors, this Court, and all other interested parties.  Accordingly, Debtors request that the Court jointly-administer the Chapter 11 Cases, maintain one file and one docket for the Chapter 11 Cases under the Lead Case.

## LEGAL ARGUMENT

16.     Pursuant to Bankruptcy Rule 1015(b), this Court may order the joint administration of estates when two or more petitions are pending in the same court by a debtor and an affiliate.  See Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") ("If a joint petition or two or more petitions are pending in the same court by or against ... (4) a debtor and an affiliate, the court may order a joint administration of the estates.").

17.     A bankruptcy court can avoid any potential prejudice to creditors created by joint administration of affiliated cases by entering orders as may tend to avoid unnecessary costs and delay. See Bankruptcy Rule 1015(c).  "Joint administration is designed in large part to promote procedural convenience and cost efficiencies which do not affect the substantive rights of claimants or the respective debtor estates."  In re McKenzie Energy Corp. 228 B.R. 854, 874 (Bankr. S.D. Tex. 1998) (citing Unsecured Creditors Committee v. Leavitt Structural Tubing

Co., 55 B.R. 710 (N.D. 111. 1985), *aff'd*, 796 F.2d 477 (7th Cir. 1986)).  The efficiency and utility of permitting joint administration of related cases is widely recognized.  See, e.g., In re American Wagering, Inc., 493 F.3d 1067, 1070 (9th Cir. 2007); In re Reider, 31 F.3d 1102, 1109 (11th Cir. 1994); In re Geneva Steel, LLC, 389 B.R. 231, 236 (Bankr. D. Utah 2008); In re PL Liquidation Corp., 305 B.R. 629, 632 (Bankr. D. Del. 2004).  The relief requested herein is also commonly granted in this district.  See In re Jerry's Nugget, Inc., Case No.l2-19387-mkn, ECF No. 48 (Bankr. D. Nev. August 17, 2012); In re 155 East Tropicana, LLC, 11-22216-bam, ECF No. 56 (Bankr. D. Nev. August 8, 2011); In re Black Gaming, LLC, Case No. 10-13301-bam, ECF No. 70 (Bankr. D. Nev. March 5, 2010); In re Zante, Inc., Case No. 09-50746-gwz, ECF No. 34 (Bankr. D. Nev. March 23,2009).

18.    As set forth in the First Day Declaration, Jagged Peak, TradeGlobal and TGNA are "affiliates," as that term is defined in Section 101(2)(B) of the Bankruptcy Code.  Moreover, Jagged Peak and TradeGlobal have the same indirect corporate parent, the same management and operate out of the same corporate headquarters.[2]

19.    Joint administration of these Chapter 11 Cases will also provide significant administrative convenience.  Specifically, the joint administration of these Chapter 11 Cases will benefit the Debtors' estates by obviating the necessity of filing duplicate motions and applications, entering duplicate orders, and preparing and providing duplicate notices to creditors and parties-in-interest, thus avoiding unnecessary time and expense.  To be sure, with three affiliated Debtors, each with its own case docket, the failure to administer these Chapter 11 Cases jointly would result in numerous duplicative pleadings being filed and served upon parties identified in separate service lists.  Such duplication of substantially identical documents would be extremely wasteful and unnecessarily overburden Debtors, including through increased service costs to a large creditor constituency, the Clerk of the Court, creditors, and other parties in interest in these Chapter 11 Cases.

---

[2]  TGNA is a holding company.

Page **5** of **13**

20.     The rights of the Debtors' respective creditors will not be adversely affected by joint administration of these Chapter 11 Cases because the relief sought herein is purely procedural and is not intended to affect substantive rights.  Thus, the rights of all creditors will be enhanced by the reduction in cost resulting from joint administration, including avoiding multiple unsecured creditors' committees and a multiplicity of professionals being retained by each Debtor.  Likewise, Debtors will avoid the unnecessary duplication and expense of serving documents that have been filed in each of the three cases on creditors three separate times.  Finally, supervision of the administrative aspects of the Chapter 11 Cases by the Office of the United States Trustee will be simplified.

21.     Although conflict between the estates is not anticipated, the Court can avoid any prejudice to creditors created by joint administration of Debtors' Chapter 11 Cases by limiting joint administration to the extent necessary pursuant to Bankruptcy Rule 1015(c).  Therefore, if creditors are later adversely affected by joint administration, the Court has a mechanism available to protect such creditors.  However, there is no reason why the Court should not authorize joint administration at this time.

22.     Therefore, joint administration of the Chapter 11 Cases is in the best interest of Debtors, their creditors, this Court, and all other interested parties.  Accordingly, Debtors request that the Court jointly-administer the Chapter 11 Cases, maintain one file and one docket for the Chapter 11 Cases under the Lead Case.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

4849-6483-9334, v. 2

**<u>CONCLUSION</u>**

WHEREFORE, Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit A, providing for the joint administration of Debtors' Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b), and granting Debtors such other and further relief as is just and proper.

Dated: September 17, 2019

GARMAN TURNER GORDON LLP

By: */s/ Gregory E. Garman*
    GREGORY E. GARMAN, ESQ.
    GERALD M. GORDON, ESQ.
    MARK M. WEISENMILLER, ESQ.
    650 White Drive, Ste. 100
    Las Vegas, Nevada 89119

    COZEN O'CONNOR
    THOMAS J. FRANCELLA, ESQ.
    1201 North Market Street, Suite 1001
    Wilmington, DE 19801

    *[Proposed] Attorneys for Debtor*

4849-6483-9334, v. 2

# EXHIBIT A

# PROPOSED ORDER

4849-6483-9334, v. 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

GARMAN TURNER GORDON LLP
GREGORY E. GARMAN
Nevada Bar No. 6654
E-mail:  ggarman@gtg.legal
GERALD M. GORDON
Nevada Bar No. 229
E-mail: ggordon@gtg.legal
MARK M. WEISENMILLER
Nevada Bar No. 12128
E-mail:  mweisenmiller@gtg.legal
650 White Drive, Suite 100
Las Vegas, Nevada 89119
Telephone (725) 777-3000
Facsimile (725) 777-3112
*[Proposed] Attorneys for Debtor*

COZEN O'CONNOR
THOMAS J. FRANCELLA
Delaware Bar No.  3835
*Pro Hac Vice Pending*
E-mail:  tfrancella@cozen.com
1201 North Market Street, Suite 1001
Wilmington, DE  19801
Telephone: 302.295.2000
Toll Free Phone: 888.207.2440
Facsimile: 302.295.2013
*[Proposed] Attorneys for Debtor*

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>Jagged Peak, Inc., a Nevada corporation,<br><br>Debtor. | Case No.: BK-S-19-15959-MKN<br><br>Chapter 11<br><br>Hearing Date:<br>Hearing Time: |

## ORDER DIRECTING JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES UNDER FED. R. BANKR. P. 1015(B)

Jagged Peak, Inc. ("Jagged Peak"), Trade Global North America Holding, Inc. ("TGNA") and  Trade  Global  LLC  ("TradeGlobal"  or,  collectively  with  Jagged  Peak  and  TGNA,  the "Debtors"), debtors and debtors-in-possession, filed the *Emergency Motion for Order Directing*

4849-6483-9334, v. 2

*Joint Administration of Debtors' Chapter 11 Cases Under Federal Rule of Bankruptcy Procedure 1015(b)* [ECF No. _____] (the "<u>Motion</u>") on _____.[3]

The Motion came on for hearing before the above-captioned Court and Debtors appeared by and through their proposed counsel, the law firm of Cozen O'Connor and Garman Turner Gordon LLP, and all other appearances were noted on the record.  The Court reviewed the Motion and the other pleadings and papers on file and heard and considered the argument of counsel at the hearing on the Motion.  It appearing that notice and an opportunity for a hearing on this Motion has been given and is appropriate under the circumstances surrounding these Chapter 11 Cases and that no other or further notice need be given; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and it appearing that venue in this judicial district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED** as follows:

1.     That pursuant to Bankruptcy Rule 1015(b) the Motion is granted in its entirety.

2.     Each of the Chapter 11 Cases are consolidated for procedural purposes only and shall be jointly administered in accordance with Bankruptcy Rule 1015(b).

3.     The Chapter 11 Cases shall be jointly administered by this Court under **Case No. 19-15959-mkn** (the "<u>Lead Case</u>").

4.     The caption of the jointly administered Chapter 11 Cases shall read as set forth on **Exhibit A** attached hereto.

5.     A docket entry shall be made on the docket of 19-15960-btb and 19-15961-mkn; substantially as follows:

---

[3] All undefined, capitalized terms shall have the meaning ascribed to them in the Motion.

1
2
3
4

An Order has been entered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing joint administration of Jagged Peak, Inc., Trade Global North America Holding, Inc., and Trade Global LLC Chapter 11 Cases. The docket in **Case No. 19-15959-mkn** should be consulted for all matters affecting this case. All further pleadings, motions, and other papers shall be filed in, and all further docket entries shall be made in **19-15959-mkn**.

5    6.    Debtors shall maintain one consolidated docket, service list, and file.

6
7    7.    All parties shall use each Debtor's respective case number and the proof of claim number when identifying a proof of claim in any pleadings filed in the Chapter 11 Cases.

8
9    8.    Neither the Motion nor this Order shall be construed as affecting a substantive consolidation of the Debtors' Chapter 11 Cases.

10    This Order shall be effective and enforceable immediately upon its entry.

11
12    10.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

13    **IT IS SO ORDERED.**

14    **PREPARED AND SUBMITTED BY:**

15
16    GARMAN TURNER GORDON LLP

17    By:_____

18    GREGORY E. GARMAN, ESQ.
     GERALD M. GORDON, ESQ.
19    MARK M. WEISENMILLER, ESQ.
     650 White Drive, Ste. 100
20    Las Vegas, Nevada 89119

21
22    COZEN O'CONNOR
     THOMAS J. FRANCELLA, ESQ.
23    1201 North Market Street, Suite 1001
     Wilmington, DE 19801

24
25    *[Proposed] Attorneys for Debtor*

26
27
28

4849-6483-9334, v. 2

# EXHIBIT 1

# PROPOSED JOINT CAPTION

4849-6483-9334, v. 2

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No.: BK-S-19-15959-MKN |
| Jagged Peak, Inc., a Nevada corporation, | Chapter 11 |
| ☐     Affects this Debtor. | **LEAD CASE** |
| | **Jointly Administered with:** |
| In re: | Case No.: BK-S-19-15960-MKN |
| TradeGlobal, LLC, a Delaware limited liability company, | Chapter 11 |
| ☐     Affects this Debtor. | |
| In re: | Case No.: BK-S-19-15961-MKN |
| TradeGlobal North America Holding, Inc., a Delaware corporation, | Chapter 11 |
| ☐     Affects this Debtor. | Hearing Date:<br>Hearing Time: |

4849-6483-9334, v. 2

4849-6483-9334, v. 2